UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHNNY LEE JOHNSON,

    Plaintiff,

        v.                                                    Civil Action No. 06-0710 (JDB)

MICHAEL V. SOMOSKY,

    Defendant.

### ORDER

Plaintiff Johnny Lee Johnson, a citizen of Virginia, filed this action against defendant Michael V. Somosky, a citizen of Maryland, seeking over $700,000 in damages for injuries allegedly arising out of an automobile accident that occurred in the District of Columbia. The Court has subject-matter jurisdiction over the case pursuant to 28 U.S.C. § 1332. This order addresses a consent motion filed by Government Employees Insurance Company ("GEICO") to intervene as a defendant in this action.

Federal Rule of Civil Procedure 24(b) provides for permissive intervention "upon timely application . . . when an applicant's claim or defense and the main action have a question of law or fact in common." In exercising its discretion under Rule 24(b), the district court shall "consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Id. A party seeking permissive-intervenor status for purposes of litigating a claim or defense must show "(1) an independent ground for subject matter jurisdiction; (2) a timely motion; and (3) a claim or defense that has a question of law or fact in common with the main action." E.E.O.C. v. Nat'l Children's Ctr., Inc., 146 F.3d 1042, 1046 (D.C. Cir. 1998); see

also <u>In re Vitamins Antitrust Class Actions</u>, 215 F.3d 26, 31 (D.C. Cir. 2000).

In support of its motion, GEICO states that it provides underinsured motorist coverage with limits of $300,000 to plaintiff Johnson. GEICO further asserts that because Mr. Johnson is presenting an underinsured motorist claim under his policy, any judgment against Mr. Somosky may be binding against GEICO as well. The Court also understands that GEICO is incorporated in Delaware and has its principal place of business in Maryland.[1]  Pursuant to Rule 24(c) and Local Rule of Civil Procedure 7(j), GEICO has filed with the Court a proposed answer to the plaintiff's complaint. That answer denies plaintiff's allegations with respect to the automobile accident and resulting damages and asserts various defenses, including the defense of contributory and sole negligence by plaintiff.

The Court in its discretion believes that GEICO should be permitted to intervene in this action as a defendant. Subject-matter jurisdiction exists over GEICO's defenses pursuant to 28 U.S.C. § 1332, and GEICO has filed its motion in a timely matter, prior to the end of the discovery period in the main action. Furthermore, all of GEICO's asserted defenses have questions of law and fact in common with the main action. Given that the original parties have consented to GEICO's participation, the Court is confident that intervention will not unduly delay or prejudice the adjudication of the rights of the original parties.

Accordingly, it is this <u>20th</u> day of <u>October</u>, 2006, hereby

**ORDERED** that movant GEICO's consent motion to intervene is **GRANTED**.

**SO ORDERED**.

---

[1] GEICO's corporate headquarters are located in Chevy Chase, Maryland, and the company maintains a principal mailing address in Washington, D.C.

                          /s/ John D. Bates
                          JOHN D. BATES
                 United States District Judge